**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IVAN L. MENDEZ, :
:
Plaintiff, :
:
v. : Civ. No. 12-676-LPS
:
C.W.S.O.T.C.O. and :
LINDA GALEF-SURDO, :
:
Defendants. :

---

IVAN L. MENDEZ, :
:
Plaintiff, :
:
v. : Civ. No. 12-677-LPS
:
C.W.S.O.T.C.O. and :
LINDA GALEF-SURDO, :
:
Defendants. :

---

IVAN L. MENDEZ, :
:
Plaintiff, :
:
v. : Civ. No. 12-678-LPS
:
C.W.S.O.T.C.O. and :
LINDA GALEF-SURDO, :
:
Defendants. :

---

IVAN L. MENDEZ, :
:
Plaintiff, :

v. : Civ. No. 12-679-LPS

C.W.S.O.T.C.O. and
LINDA GALEF-SURDO,

Defendants.

---

IVAN L. MENDEZ,

Plaintiff,

v. : Civ. No. 12-680-LPS

C.W.S.O.T.C.O. and
LINDA GALEF-SURDO,

Defendants.

---

IVAN L. MENDEZ,

Plaintiff,

v. : Civ. No. 12-681-LPS

C.W.S.O.T.C.O. and
LINDA GALEF-SURDO,

Defendants.

---

IVAN L. MENDEZ,

Plaintiff,

v. : Civ. No. 12-682-LPS

C.W.S.O.T.C.O. and
LINDA GALEF-SURDO,

Defendants.

| | |
|---|---|
| IVAN L. MENDEZ,<br><br>Plaintiff,<br><br>v.<br><br>C.W.S.O.T.C.O. and<br>LINDA GALEF-SURDO,<br><br>Defendants. | :<br>:<br>:<br>:<br>: Civ. No. 12-683-LPS<br>:<br>:<br>:<br>:<br>: |
| IVAN L. MENDEZ,<br><br>Plaintiff,<br><br>v.<br><br>C.W.S.O.T.C.O. and<br>LINDA GALEF-SURDO,<br><br>Defendants. | :<br>:<br>:<br>:<br>: Civ. No. 12-684-LPS<br>:<br>:<br>:<br>:<br>: |
| IVAN L. MENDEZ,<br><br>Plaintiff,<br><br>v.<br><br>C.W.S.O.T.C.O. and<br>LINDA GALEF-SURDO,<br><br>Defendants. | :<br>:<br>:<br>:<br>: Civ. No. 12-685-LPS<br>:<br>:<br>:<br>:<br>: |
| IVAN L. MENDEZ,<br><br>Plaintiff,<br><br>v. | :<br>:<br>:<br>:<br>: Civ. No. 12-686-LPS |

C.W.S.O.T.C.O. and
LINDA GALEF-SURDO,

Defendants.

---

IVAN L. MENDEZ,

Plaintiff,

v. : Civ. No. 12-692-LPS

C.W.S.O.T.C.O. and
LINDA GALEF-SURDO,

Defendants.

---

IVAN L. MENDEZ,

Plaintiff,

v. : Civ. No. 12-693-LPS

C.W.S.O.T.C.O. and
LINDA GALEF-SURDO,

Defendants.

---

IVAN L. MENDEZ,

Plaintiff,

v. : Civ. No. 12-708-LPS

C.W.S.O.T.C.O. and
LINDA GALEF-SURDO,

Defendants.

---

| | |
|---|---|
| IVAN L. MENDEZ, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 12-709-LPS |
| | : |
| C.W.S.O.T.C.O. and | : |
| LINDA GALEF-SURDO, | : |
| | : |
| Defendants. | : |

Ivan L. Mendez, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 29, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Ivan Mendez ("Plaintiff") filed several actions pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court proceeds to review and screen the Complaints pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. CONSOLIDATION

The Complaints in Civil Action Nos. 12-676-LPS through 12-686-LPS, 12-692-LPS, 12-693-LPS, 12-708-LPS, and 12-709-LPS involve similar allegations against the same Defendants. Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact . . . to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "District courts have the inherent authority to order consolidation *sua sponte*." *Plimpton v. Cooper*, 141 F. Supp. 2d 573, 575 (W.D.N.C. 2001) (citing *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999)). The foregoing Complaints concern common questions of law and fact against the same Defendants. Therefore, the Court will consolidate these cases.

## III. BACKGROUND

All Complaints allege delay or denial of medical care. The named defendants are medical provider C.W.S.O.T.C.O. and Linda Galef-Surdo. The Court is unfamiliar with medical service

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

provider C.W.S.O.T.C.O. Plaintiff will be ordered to provide the correct name of the medical service provider.

## IV. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28*; see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a

complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## V. DISCUSSION

Plaintiff appears to allege that he is not receiving proper medical care. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

The Complaints do not meet the pleading requirements of *Iqbal* and *Twombly*. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978). It is not clear from the scant allegations in the pleadings when or where the alleged constitutional violations occurred, or what actions defendants took or failed to take.

Even when reading the Complaints in the light most favorable to Plaintiff, he fails to state actionable constitutional claims against Defendants for deliberate indifference to a serious medical need. Therefore, the Complaints will be dismissed for failure to state a claim pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim against a defendant or name alternative

defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## VI. CONCLUSION

For the above reasons, the Court will consolidate Civil Action Nos. 12-676-LPS through 12-686-LPS, 12-692-LPS, 12-693-LPS, 12-708-LPS, and 12-709-LPS. The Court will dismiss the Complaints in Civil Action Nos. 12-676-LPS through 12-686-LPS, 12-692-LPS, 12-693-LPS, 12-708-LPS, and 12-709-LPS for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint in Consolidated Civil Action No. 12-676-LPS. Plaintiff shall identify the correct medical service provider.

An appropriate Order follows.